**United States Bankruptcy Court**
**District of Colorado**

IN RE:                                                                                  Case No. **08-22996**
**Stacey, David Brian & Stacey, Michelle Joy**                                          Chapter **13**
                                    Debtor(s)

[DO NOT DELETE ANY PROVISION OF THIS FORM.
MARK PROVISIONS THAT DO NOT APPLY AS N/A.
ANY ADDITIONAL PROVISIONS MUST BE RECITED IN PART V. G.]

CHAPTER 13 PLAN INCLUDING VALUATION OF COLLATERAL AND CLASSIFICATION OF CLAIMS
Date of Plan: December 15, 2008

## I. RELEVANT INFORMATION

**A.** Prior bankruptcies pending within one year of the petition date for this case:

| Case No. & Chapter | Discharge or Dismissal / Conversion | Date |
|---|---|---|
| **None** | | |

**B.** The debtor(s): ☒ is eligible for a discharge; or
☐ is not eligible for a discharge and is not seeking a discharge.

**C.** Prior states of domicile:    within 730 days    **N/A**
                                    within 910 days    **N/A**.

The debtor is claiming exemptions available in the state of **Colorado** or ☐ federal exemptions.

**D.** The debtor owes or anticipates owing a Domestic Support Obligation as defined in 11 U.S.C. § 101(14A). Notice will/should be provided to these parties in interest:
**E.**
  1. Parent  **N/A**
  2. Government  **N/A**
  3. Assignee or other  **N/A**

The debtor ☐ has provided the Trustee with the phone number of the Domestic Support Obligation recipient or ☒ cannot provide the phone number because it is not available.

**F.** The current monthly income of the debtor, as reported on Interim Form B22C is: ☐ below ☐ equal to or ☒ above the applicable median income.

## II. PLAN ANALYSIS

**A. Total Debt Provided for under the Plan and Administrative Expenses**

    1. Total Priority Claims (Class One)
        a. Unpaid attorney's fees ............................................................................... $ **1,000**
        (Total attorney's fees are estimated to be $ **3,000** of which $ **2,000** has been prepaid.)
        b. Unpaid attorney's costs (estimate) ................................................................ $ **200**
        c. Total Taxes ................................................................................................ $ **0**
          Federal: $ **0** ; State: $ **0** .
        d. Other ......................................................................................................... $ **0**
    2. Total of payments to cure defaults (Class Two) ............................................ $ **0**
    3. Total payment on secured claims (Class Three) ........................................... $ **15,844**
    4. Total of payments on unsecured claims (Class Four) .................................... $ **25,724**
    5. Sub-Total ........................................................................................................ $ **42,768**
    6. Total trustee's compensation (10% of debtor's payments) ............................ $ **4,752**
    7. Total debt and administrative expenses ........................................................ $ **47,520**

**B. Reconciliation with Chapter 7**

**THE PROPERTY VALUES SET FORTH BELOW ARE LIQUIDATION VALUES RATHER THAN REPLACEMENT VALUES WHICH MAY APPEAR IN CLASS THREE IN THE PLAN.**

1. Assets available to Class Four unsecured creditors if Chapter 7 filed
   a. Value of debtor's interest in non-exempt property.................................................$ **3,637**

| Property | FMV | less Costs of Sale | less Liens | x Debtor's Interest | less Exemptions | = Net Value |
|---|---|---|---|---|---|---|
| **Fausti 12 guage shot gun - $200** | 375 | 38 | 0 | 100% | 0 | 337 |
| **1994 Jayco Pop up camper** | 2,000 | 200 | 0 | 100% | 0 | 1,800 |
| **2008 Potential Tax Refunds** | 1,500 | 1,500 | 0 | 100% | 0 | 1,500 |

   b. Plus: value of property recoverable under avoiding powers.................................$ **0**
   c. Less: estimated Chapter 7 administrative expense.................................................$ **909**
   d. Less: amounts payable to priority creditors other than costs of administration...........$ **0**
   e. Equals: estimated amount payable to Class Four creditors if Chapter 7 filed............$ **2,728**
       (if negative, enter zero)
2. Estimated payment to Class Four unsecured creditors under the Chapter 13 Plan............$ **25,724**
   plus any funds recovered from "other property" described in Section II.A.3 below.

### III. PROPERTIES AND FUTURE EARNINGS SUBJECT TO THE SUPERVISION AND CONTROL OF THE TRUSTEE

**A.** Debtor submits to the supervision and control of the Trustee all or such portion of the debtor's future earnings or other future income as is necessary for the execution of the Plan, including:

   1. Future earnings of $ **varies**[1] per month which shall be paid to the trustee for a period of approximately **60** months, beginning **1/15/2009** .
   2. Amounts necessary for the payment of Class Five claims.................................................$ **0**
   3. Other property (specify): _____

[1] **36 payments of $700.00 followed by 24 payments of $930.00**

*AT THE TIME THE FINAL PLAN PAYMENT IS SUBMITTED TO THE TRUSTEE, THE DEBTOR SHALL FILE WITH THE COURT THE CERTIFICATION REGARDING DOMESTIC SUPPORT OBLIGATIONS REQUIRED BY 11 U.S.C. § 1328(a) AND, IF NOT ALREADY FILED, INTERIM FORM B23 REGARDING COMPLETION OF FINANCIAL MANAGEMENT INSTRUCTION REQUIRED BY 11 U.S.C. § 1328(g)(1).*

**B.** Debtor agrees to make payments under the Plan as follows:
☒ DIRECT PAYMENT: From Debtor to Trustee          ☒ DIRECT PAYMENT: From Joint Debtor to Trustee
☐ VOLUNTARY WAGE ASSIGNMENT TO EMPLOYER:          ☐ VOLUNTARY WAGE ASSIGNMENT TO EMPLOYER:

### IV. CLASSIFICATION AND TREATMENT OF CLAIMS

*CREDITOR RIGHTS MAY BE AFFECTED. A WRITTEN OBJECTION MUST BE FILED IN ORDER TO CONTEST THE TERMS OF THIS PLAN. CREDITORS OTHER THAN THOSE IN CLASS TWO A AND CLASS THREE MUST FILE TIMELY PROOFS OF CLAIM IN ORDER TO RECEIVE THE APPLICABLE PAYMENTS.*

**A. Class one – Claims entitled to priority under 11 U.S.C. § 507.** Unless other provision is made in paragraph V.(C), each creditor in Class One shall be paid in full in deferred cash payments prior to the commencement of distributions to any other class (except that the payments to the Trustee shall be made by deduction from each payment made by the debtor to the Trustee) as follows:

   1. Allowed administrative expenses
      (a) Trustee's compensation of (10% of amounts paid by debtor under Plan).................$ **4,752**
      (b) Attorney's Fees (estimated and subject to allowance).................................................$ **1,000**
      (c) Attorney's Costs (estimated and subject to allowance).................................................$ **200**
   2. Other priority claims to be paid in the order of distribution provided by 11 U.S.C. § 507 (if none, indicate)...$ **0**
      a. Domestic Support Obligations: **A proof of claim must be timely filed in order for the Trustee to distribute amounts provided by the plan.**
         ☐ Priority support arrearage: Debtor owes past due support to _____ in the total amount of $ _____ that will be paid as follows:
         ☐ Distributed by the Trustee pursuant to the terms of the Plan; or
         ☐ Debtor is making monthly payments via a wage order ☐ or directly ☐ (reflected on Schedule I or J) in the amount of $ _____ to _____ . Of that monthly amount, $ _____ is

      for current support payments and $ _____ is to pay the arrearage.
      ☐ Other: For the duration of the plan, during the anniversary month of confirmation, the debtor shall file with the Court and submit to the Trustee an update of the required information regarding Domestic Support Obligations and the status of required payments.

   b.  Federal Taxes……………………………………………………………………………………………$ _____ **0**
   c.  State Taxes………………………………………………………………………………………………$ _____ **0**
   d.  Other Taxes (describe):
      **None**………………………………………………………………………………………………………$ _____ **0**
   e.  Other Class One Claims (if any) (describe):
      **None**………………………………………………………………………………………………………$ _____ **0**

## B. Class Two – Defaults

**1. Class Two A (if none, indicate) – Claims set forth below are secured only by an interest in real property that is the debtor's principal residence.** Defaults shall be cured and regular payments shall be made.

| Creditor | Total Default Amount to be Cured | Interest Rate | Total Amount to Cure Arrearage | No. of Months to Cure | Regular Payment per month to be Made Directly to Creditor | Date of First Payment |
|---|---|---|---|---|---|---|
| **None** | | | | | | |

**2. Class Two B (if none, indicate) – Pursuant to 11 U.S.C. § 1322(b)(5), secured (other than claims secured only by an interest in real property that is the debtor's principal residence) or unsecured claims set forth below on which the last payment is due after the date on which the final payment under the Plan is due.** Defaults shall be cured and regular payments shall be made:

| Creditor | Collateral | Total Default Amount to be Cured | Interest Rate | Total Amount to Cure Arrearage | No. of Months to Cure | Regular Payment per month to be Made Directly to Creditor | Date of First Payment |
|---|---|---|---|---|---|---|---|
| **None** | | | | | | | |

**3. Class Two C – Executory contracts and unexpired leases.** Executory contracts and unexpired leases are rejected, except the following which are assumed:

| Other Party to Lease or Contract | Property, if any, Subject to the Contract or Lease | Total Amount to Cure, if any | No. of Months to Cure | Regular Monthly Payment Made Directly to Creditor | Date of First Payment |
|---|---|---|---|---|---|
| **None** | | | | | |

*IN THE EVENT THAT DEBTOR REJECTS THE LEASE OR CONTRACT, CREDITOR SHALL FILE A PROOF OF CLAIM OR AMENDED PROOF OF CLAIM REFLECTING THE REJECTION OF THE LEASE OR CONTRACT WITHIN 30 DAYS OF THE ENTRY OF THE ORDER CONFIRMING THIS PLAN, FAILING WHICH THE CLAIM MAY BE BARRED.*

**C. All other allowed secured claims (other than those designated in Classes Two A and Two B above) shall be divided into separate classes to which 11 U.S.C. § 506 shall or shall not apply as follows:**

1. **Secured claims subject to 11 U.S.C. § 506.** The following creditors shall retain the liens securing their claims *until discharge under 11 U.S.C. § 1328 or payment in full under nonbankruptcy law*, and they shall be paid the amount specified which represents the lesser of:
   a. the value of their collateral or
   b. the remaining balance payable on the debt over the period required to pay the sum in full.

| Creditor | Specify Treatment | Description of Collateral | Fair Market Value of Collateral | Amount of Debt as Scheduled | Interest Rate | Total Amount Payable |
|---|---|---|---|---|---|---|
| **Columbine Cu** | **A** | **2005 Hyundai Accent** | **6,325** | **7,467** | **6.00%** | **6,409** |
| **Columbine Cu** | **A** | **2000 Chevy Suburban** | **4,780** | **6,415** | **6.00%** | **4,738** |
| **Columbine Cu** | **B** | **2005 Hyundai Accent & 2000 Ch** | **11,105** | **2,044** | **6.00%** | **1,995** |
| **HSBC / Furniture Row** | **B** | **Miscellaneous Household Items** | **4,000** | **1,702** | **0.00%** | **1,602** |

*IF DEBTOR IS PROPOSING TO MODIFY THE RIGHTS OF A SECURED CREDITOR, DEBTOR MUST SPECIFICALLY SERVE SUCH CREDITOR IN THE MANNER SPECIFIED IN FED.R.BANKR.P. 9014 AND 7004.*

2. **Secured claims to which 11 U.S.C. § 506 shall not apply.** The following creditors shall retain the liens securing their claims, and they shall be paid the amount specified which represents the remaining balance payable on the debt over the period required to pay the sum in full:

| Creditor | Collateral | Amount of Debt as Scheduled | Interest Rate | Total Amount Payable |
|---|---|---|---|---|
| **None** | | | | |

3. The debtor surrenders the following property securing an allowed secured claim to the holder of such claim:

| Creditor | Description of Collateral | Anticipated Date of Surrender |
|---|---|---|
| **None** | | |

Relief from the automatic stay to permit enforcement of the liens encumbering surrendered property shall be deemed granted by the Court at the time of confirmation of this Plan. With respect to property surrendered, no distribution on the creditor's claim shall be made unless that creditor files a proof of claim or an amended proof of claim to take into account the surrender of the property.

3. **Adequate Protection**: The following creditor(s) shall receive payments in the nature of adequate protection pursuant to T.L.B.R. 2083-1, if applicable, or upon confirmation of the plan as follows:

| Creditor | Collateral | Adequate Protection Payment Paid Through the Trustee | Adequate Protection Payment Paid By the Debtor(s) | Number of Months Until Regular Payments Under Plan |
|---|---|---|---|---|
| **Columbine Cu** | **2005 Hyundai Accent** | **100** | **0** | **4** |
| **Columbine Cu** | **2000 Chevy Suburban** | **100** | **0** | **4** |
| **Columbine Cu** | **2005 Hyundai Accent & 2000 Chevy Sub** | **50** | **0** | **4** |
| **HSBC / Furniture Row** | **Miscellaneous Household Items includin** | **25** | **0** | **4** |

**D. Class Four – Allowed unsecured claims not otherwise referred to in the Plan**. Class Four Claims are provided for in an amount not less than the greater of:

   1. The amount necessary to meet the best interests of creditors pursuant to 11 U.S.C. § 1325(a)(4) as set forth in Part II; or
   2. Total disposable income for the applicable commitment period defined by 11 U.S.C. § 1325(b)(1)-(4).

   The monthly disposable income of $ **264** has been calculated on Form B22C (Chapter 13). Total disposable income is $ **15,864** which is the product of monthly disposable income of $ **264** times the applicable commitment period of **60 months**.

   a. ☒ Class Four claims are of one class and shall be paid pro rata the sum of  $ **25,724** and shall be paid all funds remaining after payment by the Trustee of all prior classes; or
   A timely filed claim, found by the Court to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(2), (4), or (6), will share in the distribution to Class Four.  Collection of the balance is stayed until the case is dismissed, converted to a Chapter 7 or discharge enters, unless ordered otherwise.

   b. ☐ Class Four claims are divided into more than one class as follows:

**E. Class Five (if none, indicate) – Post-petition claims allowed under 11 U.S.C. § 1305.** Post-petition claims allowed under § 1305 shall be paid as follows:
**None**

## V. OTHER PROVISIONS

**A.** Payment will be made directly to the creditor by the Debtor(s) on the following claims:

| Creditor | Collateral, if any | Monthly Payment Amount | No. of Months to Payoff |
|---|---|---|---|
| **City Of Littleton** | **401k Loan** | **230** | **36** |
| **Taylor Bean** | **Personal Residence: 1640 E. Kettle Ave, Centen** | **2,171** | **270** |

**B.** The effective date of this Plan shall be the date of entry of the Order of Confirmation.

**C. Order of Distribution**:

1. ☒ The amounts to be paid to the Class One creditors shall be paid in full, except that the Chapter 13 Trustee's fee shall be paid up to, but not more than, the amount accrued on actual payments made to date. After payment of the Class One creditors, the amounts to be paid to cure the defaults of the Class Two A, Class Two B and Class Two C creditors shall be paid in full before distributions to creditors in Classes Three, Four, and Five (strike any portion of this sentence which is not applicable). The amounts to be paid to the Class Three creditors shall be paid in full before distributions to creditors in Classes Four and Five. Distributions under the plan to unsecured creditors will only be made to creditors whose claims are allowed and are timely filed pursuant to Fed.R.Bankr.P. 3002 and 3004 and after payments are made to Classes One, Two A, Two B, Two C and Three above in the manner specified in Section IV.

2. ☐ Distributions to classes of creditors shall be in accordance with the order set forth above, except:

**D. Motions to Void Liens under 11 U.S.C. § 522(f)**. In accordance with Fed.R.Bankr.P. 4003(d), the debtor intends to file or has filed, by separate motion served in accordance with Fed.R.Bankr.P. 7004, a motion to void lien pursuant to 11 U.S.C. § 522(f) as to the secured creditors listed below:

| Creditor | Collateral | Date Motion to Void Lien Filed | Date of Order Granting Motion or Pending |
|---|---|---|---|
| **None** | | | |

**E. Student Loans**:
☒ No student loans
☐ Student loans are to be treated as follows:

**F. Restitution**:
☒ No restitution owed
☐ Debtor owes restitution in the total amount of $ _____ which is paid directly to _____ in the amount of $ _____ per month for a period of ____ months.
☐ Debtor owes restitution to be paid as follows:

**G. Other** (list all additional provisions here)**:**
**THESE PROVISIONS MAY ALTER YOUR RIGHTS - PLEASE READ CAREFULLY**

**1. Confirmation of this plan does not bar a party in interest from objecting to a claim which is not filed in accordance with Federal Bankruptcy Rules 3001 and 3002.**

**2. Unless otherwise ordered, any creditor holding a claim secured by property which is removed from the protection of the automatic stay, whether by judicial action, voluntary surrender, or through operation of the plan, will receive no further distribution from the trustee, unless an itemized proof of claim for any deficiency is filed within one-hundred eighty (180) days (or such other period as the Court orders) after the removal of the property from the protection of the automatic stay.**

**3. All contractual provisions regarding arbitration or alternative dispute resolution are rejected in connection with the administration of this Chapter 13 case unless such provisions relate to claims secured by liens on real property retained by the Debtors.**

**4. Confirmation of the plan shall impose a duty of the holders and/or servicers of claims secured by liens on real property to apply the payments received from the Trustee on the prepetition arrearages, if any, only to such arrearages; to deem the prepetition arrearages as contractually current by confirmation subject to and contingent on successful completion of mortgage cure payments and regular monthly mortgage payments under the plan; to apply the direct mortgage payments to the oldest post-petition month due; to notify the Debtor(s) and the attorney for the Debtor(s) of any changes in the interest rate for an adjustable rate mortgage and the effective date of the adjustment; to notify the Debtor(s) and attorney for the Debtor(s) any change in the taxes and insurance that would either increase or reduce he escrow portion of the monthly mortgage payment; and to otherwise comply with 11 USC § 524(i).**

**5. Notification of billing address changes for Class 1, 2, or 3 creditors wishing to notify Debtor(s) of post-petition changes of payment addresses shall send correspondence directly to Debtor(s) and attorney for the Debtor(s) to receive regular mailings from creditors regarding property retained by Debtor(s).**

**6. The Bankruptcy Court may retain jurisdiction during the pendency of the Chapter 13 case to adjudicate charges and/or fees which the holder and/or servicer of the claims secured by liens on real property asserts have accrued since the filing of Debtor(s) voluntary petition if the property is retained by the Debtor(s).**

## VI. REVESTMENT OF PROPERTY IN DEBTOR
All Property of the estate shall vest in the debtor at the time of confirmation of this Plan.

## VII. INSURANCE
Insurance in an amount to protect liens of creditors holding secured claims is currently in effect and will ☒ will not ☐ (check one) be obtained and kept in force throughout the period of the Plan.

☒ Applicable policies will be endorsed to provide a clause making the applicable creditor a loss payee of the policy.

## VIII. POST-CONFIRMATION MODIFICATION
The debtor shall file and serve upon all parties in interest a modified plan which will provide for allowed priority and allowed secured claims which were not filed and/or liquidated at the time of confirmation. The value of property to satisfy 11 U.S.C. § 1325(a)(4) may be increased or reduced with the modification if appropriate. The modification will be filed no later than one year after the petition date. Failure of the debtor to file the modification may be grounds for dismissal.

Dated: **December 15, 2008**

**/s/ David Brian Stacey**
Signature of Debtor

**/s/ Jeanne Yendrek Jagow**
Signature of Attorney

**/s/ Michelle Joy Stacey**
Signature of Spouse (if applicable)

**Jeanne Yendrek Jagow 15314
Jeanne Y. Jagow, Attorney
at Law, P.C.
26 West Dry Creek Circle Suite 500
Littleton, CO  80120
jjagow@jagowlaw.us**

AO FORM B9I-COB FORM b9i_13 #822 (Chapter 13 Case) (12/07)     Case Number 08-22996-SBB

## UNITED STATES BANKRUPTCY COURT
District of Colorado

# Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines, and Notice of Hearing on Confirmation of Chapter 13 Plan

A bankruptcy case concerning the debtor(s) listed below was originally filed under chapter 7 on 8/26/08 and was converted to a case under chapter 13 on 12/2/08.

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below. NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

## Read All Pages of this Document for Important Information and Explanations

Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):

| | |
|---|---|
| David Brian Stacey<br>1640 E. Kettle Ave<br>Centennial, CO 80122 | Michelle Joy Stacey<br>1640 E. Kettle Ave<br>Centennial, CO 80122 |
| Case Number:<br>08-22996-SBB | Last four digits of Social Security No./Complete EIN or other Taxpayer ID No.:<br>xxx-xx-3783<br>xxx-xx-8563 |
| Attorney for Debtor(s) (name and address):<br>Jeanne Y. Jagow<br>26 W. Dry Creek Cir.<br>Ste. 500<br>Littleton, CO 80120<br>Telephone number: 303-798-9455 | Bankruptcy Trustee (name and address):<br>Sally Zeman<br>Chapter 13 Trustee<br>PO Box 1169<br>Denver, CO 80201<br>Telephone number: ( ) 303-830-1971 |

## Meeting of Creditors
Date: January 13, 2009     Time: 11:00 AM
Location: U.S. Custom House, 721 19th St., Room 125, Denver, CO 80202

## Deadlines:
Papers must be *received* by the bankruptcy clerk's office by the following deadlines:

### Deadline to File a Proof of Claim:
For all creditors (except a governmental unit): 4/13/09     For a governmental unit (except as otherwise provided in Fed.R. Bankr. P. 3002(c)(1)): 180 Days from the *Filing Date*

### Creditor with a Foreign Address:
A creditor to whom this notice is sent at a foreign address should read the information under "Claims" on the reverse side.

\* **Deadline to File a Complaint Objecting to Dischargeability of Certain Debts: 3/16/09**

### Deadline to Object to Exemptions:
Thirty (30) days after the *conclusion* of the meeting of creditors.

\* **Filing of Plan, Hearing on Confirmation of Plan, Other Confirmation/Objection Deadlines**

The debtor has *not* filed a plan. The plan must be filed by the debtor within fifteen days of the commencement of the case and will be mailed to you by the debtor when filed with the Court. The debtor is responsible for providing appropriate notice and service under Fed.R.Bankr.P. 2002, 7004 and 9014, as applicable. The hearing on confirmation will be held:
Date: 2/4/09 , Time: 01:30 PM , Location: U.S. Custom House, 721 19th St., Courtroom E, Denver, CO 80202 , Fifth Floor Custom House, 721 19th St., Denver, CO 80202, unless a written objection is filed, the plan may be confirmed as unopposed upon the filing of a Verification of Confirmable Plan pursuant to Transitional Local Bankruptcy Rule (T.L.B.R.) 3015-1.

The last day to file an *objection* to the plan is *three business days* before the date of the first scheduled meeting of creditors, pursuant to Fed.R.Bankr.P. 2002(b) and 9006(c) and T.L.B.R.3015-1. Objections to the plan must comply with T.L.B.R. 3015-1 and shall clearly specify the grounds upon which they are based, including the citation of supporting legal authority, if any. General objections will not be considered by the Court. If objections are filed, objecting parties and the debtor *may* receive supplemental hearing notice from the Judge assigned to this case regarding whether the hearing on confirmation will be telephonic or conducted in person, if an objecting party and the debtor *do not* receive additional information, they should appear in person on the hearing date.

Parties objecting to confirmation and the debtor are obligated to meet and confer no later than ten days following the first date set for the meeting of creditors pursuant to T.L.B.R. 3015-1. No later than *fourteen days* following the date of the first scheduled meeting of creditors, the debtor is to file a certificate pursuant to T.L.B.R. 3015 regarding the status of the objections and plan.

## Creditors May Not Take Certain Actions:

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor, the debtor's property, and certain codebtors. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

### Deadline to Provide Documents and Notice of Possible Dismissal:

Pursuant to 11 U.S.C. §521(e)(2), Interim Bankruptcy Rule 4002 and T.L.B.R. 1017-1, no later than *seven* business days prior to the original date set for the first meeting of creditors, the debtor shall provide to the case trustee a copy of the Federal income tax return required under applicable law, or a transcript of such return, for the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax return is filed, and provide the same tax information to creditors that requested a copy at least *fifteen* days prior to the meeting of creditors. The failure to comply will result in dismissal of the debtor's case unless the debtor demonstrates that the failure to so comply is due to circumstances beyond the control of the debtor. T.L.B.R. 1017-1.

Pursuant to 11 U.S.C. §1308, not later than the day before the first scheduled meeting of creditors, the debtor shall file with appropriate tax authorities all tax returns for the 4-year period ending on the date of the filing of the petition that were not previously submitted and were required to be submitted under applicable law.

Pursuant to Interim Bankruptcy Rule 4002, each individual debtor shall bring the meeting of creditors: 1) picture identification issued by a governmental unit, or other personal identifying information that establishes the debtor's identity and evidence of a social security number or a written statement that such documentation does not exist; and 2) documents or copies or a written statement that such documentation does not exist of a) current income such as the most recent payment advice, pay stub, or earnings statement; b) statements for each of the debtor's depository (bank, credit union) and investment accounts for the time period that includes the date of the filing of the petition.

| Address of the Bankruptcy Clerk's Office:<br>US Bankruptcy Court<br>US Custom House<br>721 19th St.<br>Denver, CO 80202-2508<br>Telephone number: 720-904-7300 | For the Court:<br>Clerk of the Bankruptcy Court:<br>s/ Bradford L. Bolton |
|---|---|
| Hours Open: Monday - Friday 8:00 AM - 5:00 PM | Date: 12/3/08 |

\* Applicable for cases filed on or after October 17, 2005

## EXPLANATIONS
FORM B9I (10/06)

| | |
|---|---|
| Filing of Chapter 13 Bankruptcy Case | A bankruptcy case under Chapter 13 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by the debtor(s) listed on the front side, and an order for relief has been entered. Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts pursuant to a plan. A plan is not effective unless confirmed by the bankruptcy court. You may object to confirmation of the plan and appear at the confirmation hearing. A copy or summary of the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on the front of this notice, you will be sent notice of the confirmation hearing. Please see the front for information on the plan and confirmation hearing. The debtor will remain in possession of the debtor's property and may continue to operate the debtor's business, if any, unless the court orders otherwise. |
| Legal Advice | The staff of the bankruptcy clerk's office cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions against the debtor and certain codebtors are listed in Bankruptcy Code § 362 and § 1301. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time and location listed on the front side. *The debtor (both spouses in a joint case) must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice. |
| Claims | A Proof of Claim is a signed statement describing a creditor's claim. If a Proof of Claim form is not included with this notice, you can obtain one at any bankruptcy clerk's office. A secured creditor retains rights in its collateral regardless of whether that creditor files a Proof of Claim. If you do not file a Proof of Claim by the "Deadline to file a Proof of Claim" listed on the front side, you might not be paid any money on your claim from other assets in the bankruptcy case. To be paid you must file a Proof of Claim even if your claim is listed in the schedules filed by the debtor. Filing a Proof of Claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a Proof of Claim may surrender important nonmonetary rights, including the right to a jury trial. **Filing Deadline for a Creditor with a Foreign Address:** The deadlines for filing claims set forth on the front of this notice apply to all creditors. If this notice has been mailed to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline. |
| Discharge of Debts | The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 523 (a)(2) or (4), you must start a lawsuit by filing a complaint in the bankruptcy clerk's office by the "Deadline to File a Complaint to Determine Dischargeability of Certain Debts" listed on the front side. The bankruptcy clerk's office must receive the complaint and any required filing fee by that deadline. |
| Exempt Property | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold and distributed to creditors, even if the debtor's case is converted to chapter 7. The debtor must file a list of all property claimed as |

| | |
|---|---|
| | exempt. You may inspect that list at the bankruptcy clerk's office. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The bankruptcy clerk's office must receive the objection by the "Deadline to Object to Exemptions" listed on the front side. |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the address listed on the front side. You may inspect all papers filed, including the list of the debtor's property and debts and the list of property claimed as exempt, at the bankruptcy clerk's office. |
| Creditor with a Foreign Address | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |
| *Trustee's and Creditor's Report* | The Chapter 13 Trustee or a Creditor may file a report no later than seven days after the initial meeting of creditors reporting the debtor's failure to comply with the requirements to provide tax returns. The Trustee may also use the report to supplement any initial objection to confirmation previously by the Trustee. The report shall allow the debtor ten days to file an objection and verification that the failure to comply was due to circumstances beyond the control of the debtor. *Absent separate notice, pursuant to L.B.R. 1017, any objection shall be heard at the time of the Confirmation Hearing.* |
| *Local Bankruptcy Rules* | The Local Bankruptcy Rules of this Court are posted on the Court's web site at cob.uscourts.gov |
| -- Refer to Other Side for Important Deadlines and Notices -- | |